IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KLAUS DUELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Misc. No. 25-206-CFC |
| ) | 25-208-CFC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

AT WILMINGTON, this 27th day of October in 2025, having reviewed Petitioner Klaus Duell's amended document and answer to this Court's July 31, 2025 Order (D.I. 6);

WHEREAS this Court granted Petitioner leave to show that his petition to quash third-party summons (D.I. 1) was timely filed with this Court and mailed to the party summoned (D.I. 5);

WHEREAS in addition to 26 U.S.C. § 7609's twenty-day filing requirement, "under subsection (b)(2)(B), a petitioner is also required within the 20-day period to mail a copy of the motion to quash by certified or registered mail to the party summoned," *Dame v. United States*, 643 F. Supp. 533, 534 (S.D.N.Y. 1986);

WHEREAS "[t]his requirement, like the requirement of filing the motion to quash within 20 days, designed to limit the government's waiver of sovereign

immunity, is also designed to limit a court's jurisdiction, and must be strictly construed against the petitioner," *id.* at 534-35 (listing cases in support); and

WHEREAS Petitioner's amended document and answer (D.I. 6) reveals that his petition to quash was not mailed to the party summoned until late August or early September 2025, well beyond the twenty-day period for certified or registered mailing following the April 25, 2025 summons;

NOW THEREFORE this Court finds that Petitioner's amended document and answer (D.I. 6) does not cure the deficiencies in the petition to quash third-party summons (D.I. 1), which this Court previously denied (D.I. 5), and granting further leave to amend is futile; and

It is HEREBY ORDERED that the Clerk of Court is directed to **CLOSE** this miscellaneous case.

_____
Chief Judge